**Astghek Raffi MISAK, Silaj Misak, Musak Misak, Petitioners,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 04–5962–AG.

United States Court of Appeals, Second Circuit.

July 11, 2006.

---

* The Honorable Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted for former Attorney General John Ashcroft as Respondent.

Michael P. DiRaimondo, DiRaimondo & Masi LLP (Marialaina L. Masi, Mary, Elizabeth Delli–Pizzi, Stacy A. Huber, of counsel), Melville, NY, for Petitioners.

Kristine L. Sendek–Smith, Assistant United States Attorney, District of Maryland (Rod J. Rosenstein, United States Attorney for the District of Maryland, of counsel), Baltimore, MD, for Respondent.

Present ROBERT D. SACK, ROBERT A. KATZMANN, Circuit Judges, and J. GARVAN MURTHA,** District Judge.

### SUMMARY ORDER

Petition for review of three decisions of the Board of Immigration Appeals ("BIA"), affirming without opinion an Im-migration Judge's ("IJ") denial of petition-ers' joint application for asylum, withhold-ing of removal and relief under the United Nations Convention Against Torture ("CAT").

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review of the decisions of the BIA be GRANTED in part, the orders of the BIA VACATED with respect to the denial of asylum and withholding of removal, and the case RE-MANDED for further proceedings.

A. Application for Asylum and Withhold-ing of Removal

Astghek Raffi Misak (A75–025–716), Si-laj Misak (A75–025–717), and Musak Mi-sak (A75–025–718) petition for review of three BIA decisions affirming, without opinion, the decision of the IJ denying their joint application for asylum, with-holding of removal, and CAT relief.

Where the BIA affirms without opinion, we review the IJ's decision directly, *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005), reviewing factual findings under the sub-stantial evidence standard, *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir.2004). "However, when the situation presented is the BIA's application of legal principles to undisputed facts, rather than its underlying determination of those facts or its interpretation of its governing stat-utes, our review is *de novo.*" *Monter v. Gonzales*, 430 F.3d 546, 553 (2d Cir.2005) (internal quotation marks and citation omitted; alteration incorporated). "We [also] review *de novo* the IJ's determina-tion of mixed questions of law and fact." *Hong Ying Gao v. Gonzales*, 440 F.3d 62, 65 (2d Cir.2006).

** The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

Reviewing the IJ's decision *de novo*, we conclude that the IJ correctly determined that the Misaks failed to demonstrate that they suffered past persecution. Cf. *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005); see *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir.1998).

With respect to the Misaks' claim of a well-founded fear of future persecution, however, we conclude that the IJ's decision "is based on reasoning that, in light of the record, is insufficient . . . to permit meaningful review." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 (2d Cir.2006).

In explaining why they feared returning to Iraq, the Misaks testified that they feared that they would be specifically targeted for violence as Armenian Christians. In rejecting the Misaks' claim, however, the IJ failed to undertake any analysis of whether there was a factual basis for this fear, noting only that with respect to Iraq generally: "What we have today is life without Saddam Hussein and the Hussein regime. There is lawlessness and there is conflict and there is difficulty. . . . But that difficulty is not a basis for relief under [the INA]." J.A. 58–59. It thus appears that the IJ failed to consider properly the claims made by the petitioners. *Cf. Ivanishvili*, 433 F.3d at 341–42.

The IJ's decision also suffers from a second flaw. In support of the reasonableness of their fears, the Misaks submitted news articles and non-governmental reports discussing the alleged increase in anti-Christian violence in Iraq since the fall of Saddam Hussein's regime. In concluding that the Misaks' fears were not well-founded, the IJ failed to mention any of these articles or reports. In the context of this case, where the reasonableness of the petitioners' fears depended upon an evaluation of conditions in a fast-changing part of the world and no other evidence was apparently available, we think this was error. See *Yan Chen v. Gonzales*, 417 F.3d 268, 272–75 (2d Cir.2005).

Because the IJ failed to consider properly the petitioners' claims, and in any event appears to have failed to consider the evidence the petitioners submitted in support of their claims, we grant the petition in part, vacate the BIA's decisions that affirmed so much of the IJ's decision as denied asylum and withholding of removal, and remand the case to the BIA. We think that on remand both parties should be given an opportunity to supplement the record to reflect changes in country conditions in Iraq. See *Latifi v. Gonzales*, 430 F.3d 103, 106 n. 1 (2d Cir.2005); see also *INS v. Orlando Ventura*, 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**B.   Application for CAT Relief**

Because the Misaks did not appeal to the BIA the IJ's denial of their joint application for CAT relief, they failed to exhaust all administrative remedies available with respect to that application, and we lack jurisdiction to review the denial. See 8 U.S.C. § 1252(d)(1).

**C.   Other Issues**

Because we conclude that the petition for review should be granted in part for the reasons set forth above, we need not reach the Misaks' other arguments.***

---

*** Although we thus do not reach the Misaks' argument that the BIA erred in "streamlining" their appeal and issuing affirmances without opinion, we note that in making this argument the Misaks cite a version of the BIA's regulations that no longer applied at the time the BIA rendered its decisions in this case. See Executive Office for Immigration Review; Definitions; Fees; Powers and Authority of DHS Officers and Employees in Removal Proceedings, 69 Fed Reg. 44903–01, 44906 (July 28, 2004) (codified at 8 C.F.R.

**D.   Conclusion**

For the foregoing reasons, the petition for review is hereby GRANTED in part, and the BIA's decisions affirming the denial of asylum and withholding of removal is VACATED.   Insofar as the petition seeks review of the denial of CAT relief, it is dismissed for lack of jurisdiction.   The case is hereby REMANDED for further proceedings consistent with this order.

§ 1003.1(a)(7)).  As the BIA's decisions themselves note, see Special App. 2–4, the pertinent regulation at the time the BIA issued its decisions is the same regulation in effect today, 8 C.F.R. § 1003.1(e)(4).